IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2022

STATE OF TENNESSEE v. ANDREA SPENCER[1]

Appeal from the Criminal Court for Shelby County
Nos. 94606 to 94609, 00-03985 to 00-03987, 00-03989    James M. Lammey, Judge

———————————

No. W2021-00678-CCA-R3-CD

———————————

The defendant, Andrea Spencer, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 1983 guilty-pleaded convictions of robbery with a weapon, larceny from a person, and petit larceny. Discerning no error, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and JILL BARTEE AYERS, J., joined.

Andrea Spencer, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1983, the defendant pleaded guilty in case numbers 94606 through 94609 to larceny from a person, robbery with a deadly weapon, petit larceny, and rape, "as a result of events involving three different victims," in exchange for a total effective sentence of 15 years' incarceration. *State v. Andrea Spencer*, No. W2002-01483-CCA-R3-CD, 2003 WL 22204526, at *11 (Tenn. Crim. App., Jackson, Sept. 18, 2003) (*Spencer I*). The

---

[1]    The defendant's name is spelled differently throughout the record. For the sake of clarity, we utilize the spelling in the original indictment.

defendant did not perfect a direct appeal of those convictions and did not seek relief via the Post-Conviction Procedure Act.

Later, a Shelby County Criminal Court Jury convicted the defendant in case numbers 00-03985, 00-03986, 00-03987, and 00-03989 of sexual battery and aggravated burglary for offenses against a 13-year-old victim on August 30, 1999, and aggravated rape, aggravated burglary, and two counts of aggravated kidnapping for offenses against the same victim on October 30 and 31, 1999. *See id.*, at *1. The trial court used the defendant's 1983 convictions to determine that the defendant was a Range II offender and to further enhance his sentence using enhancement factor 1, that the defendant had a previous history of criminal convictions in addition to that necessary to establish his sentencing range. *See id.*, at *11-12. On direct appeal, this court vacated one of the defendant's aggravated kidnapping convictions on double jeopardy grounds and reduced the sentence imposed for his convictions of sexual battery and aggravated burglary but affirmed the judgments in all other respects. *See id.*, at *12. The defendant filed an unsuccessful petition for post-conviction for relief, and this court affirmed the denial of relief on appeal. *See Andrea Spencer v. State*, No. W2005-01050-CCA-R3-PC, 2006 WL 119559, at *8 (Tenn. Crim. App., Jackson, Jan. 17, 2006) (*Spencer II*).

On October 13, 2017, the defendant moved the trial court pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct what he believed to be an illegal sentence imposed in case numbers 00-03985, 00-03986, 00-03987, and 00-03989. *See State v. Andrea Spencer*, No. W2017-02475-CCA-R3-CD, 2018 WL 3814633, at *1 (Tenn. Crim. App., Jackson, Aug. 8, 2018) (*Spencer III*). The defendant argued that he "was sentenced outside of the statutorily prescribed ranges and that the trial court's use of enhancement factors not found beyond a reasonable doubt by a jury violated *Blakely v. Washington*, 542 U.S. 296 (2004)." *Id.* On appeal from the summary dismissal of this motion, this court concluded that the defendant had failed to state a colorable claim for relief under Rule 36.1 and affirmed the summary dismissal. *See id.*, *1-2.

On June 17, 2019, the defendant again moved the trial court to correct the sentence imposed pursuant to Rule 36.1, arguing that the trial court improperly used the convictions in case numbers 94606 through 94609 to enhance the later sentences because the earlier conviction offenses were part of a single criminal episode, because only one of the earlier conviction offenses was a felony, and because he was 17 years old at the time he committed the offenses. The trial court summarily dismissed the motion on July 29, 2019, finding that the defendant had failed to state a colorable claim for relief under Rule 36.1. The defendant filed notice of his intent to appeal the trial court's July 29, 2019 order on August 29, 2019, but this court ultimately dismissed the appeal on March 20, 2020,

based upon the defendant's failure to file a brief. *See State v. Andrea Spencer*, No. W2019-01560-CCA-R3-CD (Tenn. Crim. App., Jackson, Mar. 20, 2020) (*Spencer IV*) (Order).[2]

What happened next is unclear from the meager record on appeal. Based upon the record on appeal in this case, it appears that the State filed a response to the defendant's June 2019 Rule 36.1 motion in April 2021 despite that the trial court had summarily dismissed the motion in July 2019 and despite that the defendant had unsuccessfully attempted to appeal the earlier order. To be sure, no Rule 36.1 motion filed after this date appears in the record, the motion included in the record on appeal is identical to the motion at issue in *Spencer IV*, and the State's responses appear tailored to the June 2019 motion. The State's response, which bears a file stamp date of April 21, 2021, was not otherwise dated, did not contain a certificate of service indicating that it had been served on the defendant, and was not included in the appellate record in *Spencer IV*. The trial court entered an order on April 21, 2021, dismissing the defendant's motion for "failure to state a colorable claim under" Rule 36.1. It is from this order that the defendant now appeals.[3]

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

As the State points out, the defendant has abandoned on appeal his completely inaccurate claim that all of his 1983 convictions were not actually felony offenses. He argues that he "should never have been charged with No. 94606, 94608" and that he only pleaded guilty to the offenses in those cases due to the ineffective assistance of his counsel. Thus, he asserts, the convictions in those cases should not have been used

---

[2] The original motion and the trial court's order summarily dismissing it were included in the record on appeal in the defendant's previous appeal. This court may take judicial notice of its own records.

[3] Neither party has addressed the procedural irregularities in this case.

-3-

to increase his sentencing range and enhance the sentences for his later convictions.  He asks this court to "remand this matter to the lower court to remove these enhancements."

The trial court did not err by summarily dismissing the defendant's motion. Because it appears that the defendant's sentences stemming from his 1983 convictions have been served and have expired, they are not subject to attack via Rule 36.1.  *See* Tenn. R. Crim. P. 36.1(a)(1) ("Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires."); *see also State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015) (holding that "Rule 36.1 does not authorize relief from expired illegal sentences"). Additionally, the defendant failed to "attach to the motion a copy of each judgment order at issue" and failed to "attach to the motion a copy of each previous motion and the court's disposition thereof or . . . state satisfactory reasons for the failure to do so." Tenn. R. Crim. P. 36.1(a)(1).

Even without these bars, the defendant would still not be entitled to relief. The sentences imposed for his convictions of larceny from a person, robbery with a deadly weapon, petit larceny, and rape were authorized by the statutes in effect at the time of the offenses.  *See* T.C.A. §§ 39-3-1106(a) (larceny from a person); 39-2-501(a) (robbery with a deadly weapon); 39-3-1104(a) (petit larceny); 39-5-604(b) (rape) (1982) (repealed 1989). Indeed, the defendant does not actually contest the legality of the sentences imposed but claims that police reports generated at the time of the offenses do not support his guilt, essentially a challenge to the sufficiency of the convicting evidence.  The sufficiency of the convicting evidence cannot be litigated in a Rule 36.1 proceeding.[4]  *See Wooden*, 478 S.W.3d at 595; *see also State v. Clark Derrick Frazier*, No. M2021-00172-CCA-R3-CD, 2021 WL 4946961, at *2 (Tenn. Crim. App., Nashville, Oct. 25, 2021); *State v. Marcus Thomas*, No. W2017-00692-CCA-R3-CD, 2017 WL 5634250, at *1 (Tenn. Crim. App., Jackson, Nov. 22, 2017).  He also insinuates that his guilty pleas were not knowingly and

---

[4]    The defendant, citing Code section 39-13-403, also argues that the evidence was insufficient to support his conviction of "aggravated robbery" because "the State's proof failed to show how or which victim suffered serious bodily injury."  Code section 39-13-403, however, defines the offense of especially aggravated robbery and requires the State to establish that the robbery was "[a]ccomplished with a deadly weapon" and that "the victim suffers serious bodily injury." T.C.A. § 39-13-403(a).  The defendant was not convicted of especially aggravated robbery and, indeed, was not convicted of aggravated robbery as defined in the current version of the aggravated robbery statute, which is robbery "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." *Id.* § 39-13-402(a)(1) (2018).  Instead, he was convicted of the offense of robbery with a deadly weapon under prior law.  *See* T.C.A. § 39-2-501(a) (1982) (repealed 1989).  Former Code section 39-2-501 provided that "[r]obbery is the felonious and forcible taking from the person of another . . . by violence or putting in fear" and for an enhancement of the sentence "if the robbery be accomplished by the use of a deadly weapon." *Id.*  The statute did not require a finding that the victim suffered serious bodily injury.

voluntarily entered because he was deprived of the effective assistance of counsel, claims that are, again, not cognizable in a Rule 36.1 proceeding. *See Marcus Thomas*, at *1; *see also State v. Thomas Edward Kotewa*, No. E2015-02111-CCA-R3-CD, 2016 WL 4943379, at *1 (Tenn. Crim. App., Knoxville, Sept. 15, 2016).

Even if cognizable error attended the defendant's *sentences* in the 1983 convictions, Rule 36.1 could not avail him of relief from the use of those *convictions* to enhance his later sentences. "Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors," and the defendant's claim of improper sentence enhancement is included in the category of "appealable errors," which would not render the sentences imposed for the later convictions illegal. *Wooden*, 478 S.W.3d at 595.

Similarly, the defendant cannot obtain relief from his convictions in case numbers 94606 through 94609 via a petition for writ of habeas corpus because his sentences have expired, because his pleading fails to comply with the mandatory statutory requirements for filing a petition for writ of habeas corpus, *see* T.C.A. §§ 29-21-105 to -112, and because none of his claims, even if true, would render his convictions void. Finally, the petitioner cannot obtain relief via a petition for writ of error coram nobis because his petition is time barred, *see id.* § 27-7-103, and because "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute," *Frazier v. State*, 495 S.W.3d 246, 248 (Tenn. 2016).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE